THOMAS J. LENDRIM, RELATOR, v. LEWIS A. RYAN, RE-
SPONDENT.

Argued November 8, 1922—Decided February 20, 1923.

1. The board of finance created by chapter 46 of the laws of 1917
(*Pamph. L., p.* 89) is invested with jurisdiction in all matters
relating to the financial affairs of cities governed by that act.
2. Chapter 46 of the laws of 1917 (*Pamph. L., p.* 89) invested the
Board of finance of the city of Paterson with the power to con-
firm the appointment of commissioners of assessment of taxes
of that city, in exclusion of the board of aldermen.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the relator, *William I. Lewis.*

For the respondent, *Edward F. Merrey.*

The opinion of the court was delivered by

SWAYZE, J. This is a *quo warranto.* The relator seeks to
oust the incumbent from the office of commissioner of assess-
ment of taxes in Paterson.

The relator was appointed under the authority of the act
of April 3d, 1889, for five years and until his successor should
be appointed and qualify. *Comp. Stat., p.* 5148, § 86. By
the act of 1920 (*Pamph. L., p.* 42), his term was extended
until the 30th day of June next following the date his term
would have terminated. That is, in this case, until the 30th
day of June, 1922.

On June 19th, 1922, the mayor of Paterson appointed Ryan
a member of the board of tax assessors, for five years, be-
ginning July 1st, 1922, and on June 22d, 1922, the board
of finance of Paterson consented to the appointment of Ryan
and confirmed the same, whereupon he took the oath and as-
sumed to discharge the duties of the office.

The real question raised in the case is whether the mayor and board of finance, existing under the act of 1907 (*Comp. Stat., p.* 635, § 172), had authority to appoint a commissioner of assessment of taxes of the city of Paterson. The act of 1907 is one of three acts passed the same year. *Pamph. L., p.* 89; *Comp. Stat., p.* 635; *Pamph. L., p.* 114; *Comp. Stat., p.* 638; *Pamph. L., p.* 79; *Comp. Stat., p.* 2358, § 131. The legislation was intended to provide a new city government for Paterson and their constitutionality was sustained in *McCarter* v. *McKelvey,* 78 *N. J. L.* 3.

The second section of the first statute above cited provides "the said board [board of finance] shall be in the place of and be substituted for, and shall be invested with all the powers and duties now exercised by any board of finance, finance committee of any board of aldermen or common council in any such city in virtue of any law of this state in regard to the control and management of the finances of such city, the levying of taxes and fixing the annual tax or tax levy or tax ordinance of such city, and the collection of taxes and assessments."

We need quote no further. It is entirely clear that the object of this act was to substitute the new board of finance for the board of aldermen theretofore existing under the charter of Paterson in all matters relating to the financial affairs of the city, including the appointment of commissioner of assessments.

The defendant is therefore entitled to judgment on the demurrer.